UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-03041-MWC-AS                                 Date: June 26, 2026

Title:     Olga Zakharenkova v. Joshua Johnson

Present:  The Honorable Michelle Williams Court, United States District Judge

|  T. Jackson  |  Not Reported  |
| :---: | :---: |
|  Deputy Clerk  |  Court Reporter / Recorder  |

|  Attorneys Present for Plaintiffs:  |  Attorneys Present for Defendants:  |
| :---: | :---: |
|  N/A  |  N/A  |

**Proceedings:   (IN CHAMBERS) ORDER DISCHARGING TEMPORARY RESTRAINING ORDER, DISCHARGING ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION, AND GRANTING PRELIMINARY INJUNCTION (DKTS. 2, 3, 14, 16)**

Before the Court are filings in connection with the Court's June 8, 2026, Temporary Restraining Order ("TRO") mandating Respondent[1] to release Petitioner immediately under the same conditions Petitioner was subject to prior to her March 10, 2026, detention, enjoining Respondent from re-detaining Petitioner without providing notice and a pre-deprivation hearing before a neutral adjudicator, and enjoining Respondent from transferring Petitioner outside of the Central District of California pending final resolution of her case. *See* Dkt. # 14 ("*TRO*"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court **GRANTS** a preliminary injunction mandating the same relief.

I.     Background

The Court incorporates the underlying facts articulated in its TRO. *See TRO*.

When issuing the TRO on June 8, 2026, the Court ordered Respondent to show cause, in writing, no later than seven days after the TRO as to why a preliminary injunction should not issue, and allowed Petitioner to respond seven days after Respondent's filing. *See id.* at 8. On June 15, 2026, Respondent filed a response, arguing that Petitioner's release moots the case and asking the Court for dismissal. *See* Dkt. # 16 ("*Response*").

---

[1] The Court adopts the naming conventions used in its TRO.

| CV-90 (03/15) | Civil Minutes – General | **Page 1 of 3** |
| :--- | :---: | ---: |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  5:26-cv-03041-MWC-AS                           Date: June 26, 2026

Title:     Olga Zakharenkova v. Joshua Johnson


## II.     Legal Standard

As with a temporary restraining order, to obtain a preliminary injunction, a party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  When the government is a party to a case, the balance of the equities and public interest factors merge.  *See Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

The Ninth Circuit uses a sliding scale approach to preliminary injunctions, such that "a stronger showing of one element may offset a weaker showing of another."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012).  "This circuit has adopted and applied a version of the sliding scale approach under which a preliminary injunction could issue where the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [Petitioner's] favor.'"  *All. for the Wild Rockies*, 632 F.3d at 1131 (quoting *Clear Channel Outdoor, Inc. v. City of L.A.*, 340 F.3d 810, 813 (9th Cir. 2003) (quotation modified)).

## III.    Discussion

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013)).  "A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case."  *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 174 (2000).  "Thus, the standard for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."  *Id*. (citing *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968)).  This standard requires the "defendant [to] demonstrate that 'there is no reasonable expectation that the wrong will be repeated'"—a heavy burden.  *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953) (quoting *United States v. Aluminum Co. of Am.*, 148 F.2d 416, 448 (2d Cir. 1945)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-03041-MWC-AS                              Date: June 26, 2026

Title:    Olga Zakharenkova v. Joshua Johnson

Respondent has not met his heavy burden to demonstrate that the requested relief is moot since he offers no assurance that his previous wrongs would not recur.  *See id*.; *see generally Response*.  And the Supreme Court has rejected the idea that temporary relief, like the Court's issuance of the TRO, would moot a habeas petition.  *See Nielsen v. Preap*, 586 U.S. 392, 403 (2019) (holding that class case was not moot even though some named plaintiffs obtained relief sought).  Petitioner continues to face the threat of re-arrest and detention.  For the same reasons that Petitioner was entitled to a TRO based on the threat of those harms, *see generally TRO*, she is entitled to a preliminary injunction.  Accordingly, the potential for unlawful re-detention remains, and the Court's TRO did not moot the Petition.

IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** a preliminary injunction.  For the duration of this action, Respondent is **ENJOINED** from re-detaining Petitioner without providing notice and a pre-deprivation hearing before a neutral adjudicator.  Respondent is also **ENJOINED** from transferring Petitioner outside of the Central District of California pending final resolution of his case.  To the extent that Respondent has not returned to Petitioner all property confiscated from her during his arrest and processing into detention, Respondent must do so immediately.

**IT IS SO ORDERED.**

                                                                                              :

                                                      **Initials of Preparer**    TJ

---